UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DTND SIERRA INVESTMENTS LLC, § § *Plaintiff*, § § v. § § FEDERAL NATIONAL MORTGAGE § ASSOCIATION a/k/a FANNIE MAE, § § *Defendant*. § | Civil Action No.  SA-12-CV-222-XR |

**ORDER**

On this date, the Court considered Defendant Fannie Mae's Motion to Dismiss or alternatively for More Definite Statement (docket no. 4).

**Background**

On February 7, 2012, Plaintiff DTND filed this lawsuit in state court "to remove cloud and quiet title." The state court petition seeks "a declaration of the invalidity of Special Warranty Deed and claim by the Defendant Federal National Mortgage Association a/k/a 'Fannie Mae' in order to quiet title to property in which the Plaintiff has an interest." The petition alleges the following:

Justin Chase Sadler and Keely Moore Sadler executed a Deed of Trust on certain property located at 21718 Beaver Bend Ct., San Antonio with lender Fieldstone Mortgage Company. Fieldstone's interest was ultimately conveyed to JP Morgan Chase Bank. On or about January 1, 2008, the Sadlers defaulted on their obligations under the Deed of Trust and on payment of Promontory Point Homeowners Association ("PPHA") assessments for the property. On September 2, 2008, PPHA foreclosed on the property and PPHA was the high bidder. Fieldstone and the Sadlers

1

failed to redeem the property during the redemption period provided by Section 209.011 of the Texas Property Code, and the Affidavit Regarding Failure to Redeem was filed on May 17, 2010. On February 15, 2011, PPHA sold the property to Plaintiff DTND, and Plaintiff recorded the deed. On August 2, 2011, JP Morgan Chase Bank conducted a foreclosure sale, but allegedly failed to send required notices to Plaintiff. On August 22, 2011, JP Morgan Chase conveyed its interest to Defendant Fannie Mae. On August 29, 2011, Fannie Mae recorded a Special Warranty Deed relating to the property that was signed by a representative of JP Morgan Chase Bank and that purported to grant, sell, and convey the property to Fannie Mae.

Plaintiff alleges that the Special Warranty Deed is invalid and is a cloud on Plaintiff's title. Plaintiff alleges that the Special Warranty Deed, although appearing valid on its face, is in fact invalid because Fieldstone failed to redeem the property during the statutory redemption period, thus losing its interest in the property before it purported to convey its interest in the property to JP Morgan. Further, Plaintiff alleges, even if Fieldstone had not lost its interest in the property, JP Morgan Chase Bank's failure to give notice of the foreclosure sale invalidates the sale and the subsequent conveyance to Defendant. Plaintiff prays that the special warranty deed and the preceding substitute trustee's deed be declared invalid and unenforceable and removed from the title of the property.

Fannie Mae removed the case to this Court on March 9, 2012, asserting diversity jurisdiction as the basis for removal.[1] On March 16, 2012, Fannie Mae moved to dismiss under Rule 12(b)(6) or, in the alternative, for more definite statement. No response has been filed.[2]

---

[1] This Court finds that it has diversity jurisdiction over this case.

[2] Although DTND did not file a response or inform the Court that the motion is unopposed as required by Local Rule CV-7(d), the Court will not treat the motion as unopposed. Rather, it will be evaluated on the merits. *See Webb v. Morella*, No. 11-30175, WL 45411, at *2 (5th Cir. Jan. 9,

**Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a claim for relief sufficient to survive a 12(b)(6) motion, the plaintiff must identify the claim for relief and plead sufficient facts to demonstrate its plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must contain "enough facts to state a claim to relief that is plausible on its face").

**Analysis**

Defendant Fannie Mae contends that the facts alleged in Plaintiff's complaint affirmatively establish that Plaintiff is not entitled to the relief Plaintiff requests because it is based on the erroneous assumption that the Deed of Trust lien on the property was extinguished by the PPHA foreclosure sale and the failure to redeem. Defendant notes that Plaintiff's complaint does not contain many factual allegations, but that the allegations that Fieldstone failed to redeem and that JPMorgan Chase Bank failed to give Plaintiff notice of the foreclosure sale are insufficient to state a claim.

Fannie Mae contends that Plaintiff's own allegations show that the HOA sale did not extinguish the Deed of Trust lien because the PPHA Declaration states that "[t]he lien securing any Assessment provided for herein shall be subordinate to the lien of any mortgage(s) now or hereafter placed upon the Building Plot subject to the Assessment for the purpose of securing indebtedness

---

2012) ("The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss. See FED.R.CIV.P. 12. Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the Webbs failed to oppose the motion.").

incurred to purchase or improve such Building Plot." Ex. B § 10.  The Deed of Trust indicates that it secures the purchase money mortgage.[3]  Thus, Defendant argues, because the Deed of Trust lien was superior, it was not extinguished, and Plaintiff's claim fails.

Fannie Mae also argues that Plaintiff alleges no facts supporting the conclusion that JPMC owed it a duty to notify it of the Deed of Trust foreclosure sale.  JPMC notes that Texas Property Code § 51.002(b)(2) requires notice of the sale by certified mail on each "debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt," and that the debtors on the loan were the Sadlers, not Plaintiff.  Fannie Mae further summarily asserts without citation to legal authority that, even if notice of the sale was required, failure to send notice would not invalidate the substitute trustee's sale, and thus the allegations cannot support the requested relief.  Because Plaintiff fails to state a claim, Defendant further argues that the claim for quiet title should be dismissed.

This Court has concluded in Plaintiff's related cases pending before the Undersigned that the claims based on the theory that a lender's superior mortgage lien is extinguished by the failure to redeem lack merit.  *See* SA:12-CV-17-XR (docket no. 7) and SA:12-CV-80-XR (docket no. 12).  Thus, for the reasons explained in the orders issued in those cases, claims based on this legal theory fail as a matter of law.

With regard to claims based on failure to provide required notices, the petition alleges that, "Prior to the foreclosure sale, JP Morgan Chase Bank failed to send any notice of default, notice of acceleration, notice of right to cure or notice of foreclosure sale to Plaintiff per the requirements of

---

[3] Defendant notes that the Court may consider the Deed of Trust and HOA declarations without converting the motion to a motion for summary judgment because they are public records and are incorporated by reference into the complaint.

the Deed of Trust signed by Justin Chase Sadler and Keely Moore Sadler or any other applicable state or federal guideline or statute." The petition fails to state a claim because it lacks any factual allegations showing that Plaintiff was entitled to such notice under either the Deed of Trust or the Texas Property Code.

Under Texas law there is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the Deed of Trust. *Rodriguez v. Ocwen Loan Servicing, Inc.*, 306 Fed. App'x 854 (5th Cir. 2009); *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975). The Deed of Trust requires that notices be sent to the Borrower. It defines the Borrower as the Sadlers, and provides that a "Successor in Interest of Borrower" means "any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument." Deed of Trust definitions (R). Section 13 of the Deed of Trust provides that "[s]ubject to the provisions of Section 18, any Successor in Interest of Borrower <u>who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender</u>, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender." (Emphasis added.) Section 18 provides that, if all or any part of the property or any interest in the property is sold or transferred without Lender's prior written consent, then Lender may require immediate payment in full of all sums secured by the Deed of Trust, unless prohibited by law. If Lender exercises this option, Lender must give Borrower notice of acceleration. Similarly, other notice provisions in the Deed of Trust provide that Lender will give notice to "Borrower"; there appears to

be no requirement to give such notices to Successors in Interest to Borrower who are not approved by the Lender.

Further, Plaintiff fails to allege that it was entitled to any notice under the Texas Property Code because it fails to allege that it is a "debtor in default" on an instrument securing the property as its residence, such that it would be required to be sent notice under § 51.002(d). Nor has it alleged that it was a "debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt" such that it would be entitled to notice of sale pursuant to § 51.002(b)(3).

Accordingly, Plaintiff fails to state a claim based on a lack of required notice because Plaintiff alleges no facts showing that Plaintiff was entitled to any notice.

**Conclusion**

Defendant Fannie Mae's Motion to Dismiss (docket no. 4) is GRANTED. However, because Rule 15 contemplates an opportunity to amend and because Plaintiff's pleading was not filed under federal pleading requirements, Plaintiff shall be given an opportunity to file an amended complaint to attempt to state a claim. If Plaintiff chooses to do so, Plaintiff must file an amended complaint no later than **May 25, 2012**. Failure to file an amended complaint or to request an extension of time to do so by that date will result in a final dismissal of this case.

It is so ORDERED.

SIGNED this 15th day of May, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE